UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN DODD,

       Plaintiff,

v.                                    Case No.  8:12-cv-2054-T-33TGW

KELLY MATTHEWS, ET AL.,

       Defendants.

_____/

**<u>ORDER</u>**

      This matter comes before the Court upon consideration of pro se Plaintiff Brian Dodd's response to the Court's February 21, 2013, Order to Show Cause why this case should not be dismissed for lack of prosecution due to the parties' failure to file a Case Management Report within the time prescribed in Local Rule 3.05.  (Doc. # 36).

      In his response, Plaintiff states that his failure to timely submit a Case Management Report "was not the result of delay or failure to prosecute by the Plaintiff." (Doc. # 37 at ¶ 1).  Instead, Plaintiff appears to argue that his failure to file a Case Management Report was caused by Defendants' failure and refusal to serve him with a copy of their answer and affirmative defenses (Doc. # 25), which were filed electronically via the Court's CM/ECF system on December 11,

2012.[1]   Plaintiff contends that he requested Defendants' counsel to provide him with a copy of Defendants' answer, but Defendants' counsel refused, stating that the Court sent Plaintiff a copy of the answer via email. (Doc. # 37 at ¶ 6). Plaintiff has attached to his response an email exchange with Defendants' counsel that corroborates his assertion. (Doc. # 37-1 at 2).  Specifically, counsel's email states that "my office is not responsible to be (sic) sending you faxes or emails with our answer.  The court sent you our answer on the CMECF system and if you lost it we should not have to pay for your negligence." Id.

Before discussing the Case Management Report requirement, the Court takes this opportunity to advise the parties, and Defendants' counsel in particular, regarding the service issue.  As Plaintiff is proceeding in this action pro se, he is not authorized to file electronically via the Court's CM/ECF system.  Indeed, the Middle District's CM/ECF Administrative Procedures provide that "[u]nless authorized to

---

[1]     Defendants Kelly Matthews, Alex Layne, Webdiva Technologies, LLC, Christopher Oroza, Andrew Penczner, and Human Element Productions, LLC, who filed a joint answer to the complaint and who are all represented by the same counsel, are herein referred to collectively as "Defendants." Unrepresented Defendants Thomas Dodd and Mary Anne Ford are referred to by name.

file electronically, a pro se filer shall file any pleading and other paper in paper format." CM/ECF Admin. P. Sect. III(C), M.D. Fla. (Mar. 15, 2007).  Copies of the Court's orders and notices are provided via mail to pro se parties by the Clerk of Court.  However, the Clerk does not mail copies of any papers filed by the parties.  Rather, the CM/ECF Administrative Procedures instruct that all electronic filers "must serve in accordance with the Federal Rules of Civil and Criminal Procedure a paper copy of any electronically filed document on a party not registered to file electronically." Id. at Sect. II(B)(3).

Thus, despite Defendants' assertion to the contrary, Defendants are in fact required to serve upon Plaintiff a copy of all documents they file electronically in CM/ECF, including their answer and affirmative defenses filed on December 11, 2012.[2]  Accordingly, Defendants are directed to serve a copy of their answer and affirmative defenses upon Plaintiff on or before **March 15, 2013**, in accordance with Rule 5(b), Fed. R. Civ. P.

Regarding the Case Management Report, Local Rule

---

[2]    Federal Rule of Civil Procedure 5(b) prescribes the methods by which service may be effected.

3.05(c)(2)(B) provides that:

> Counsel and any unrepresented party shall meet within 60 days after service of the complaint upon any defendant, or the first appearance of any defendant, regardless of the pendency of any undecided motions, for the purpose of preparing and filing a Case Management Report. . . . The Case Management Report must be filed within 14 days after the meeting.

Thus, pursuant to this rule, the requirement to file a Case Management Report and the deadline for doing so are not dependent on whether or not the Defendants have filed or served an answer, but, rather, are triggered when any Defendant is served with the complaint or first appears in the case. Therefore, Defendants' failure to serve Plaintiff with a copy of their answer in this case does not excuse or obviate the requirement for the parties to file a Case Management Report.

Accordingly, the parties are directed to confer on or before **March 22, 2013**, for the purpose of preparing and filing a joint Case Management Report as prescribed by Local Rule 3.05, and shall file their joint Case Management Report within **14 days** after the meeting. For the convenience of the parties, the Court will allow the parties to conduct the conference **telephonically**.

Additionally, the Court notes that two unrepresented

4

Defendants, Thomas Dodd and Mary Anne Ford, have made an appearance in this case by filing answers to the complaint. (Doc. ## 15, 35).  Plaintiff's response to the Court's Order to Show Cause requests the Court to "compel Dodd to convene with Plaintiff to complete the CMR" (Doc. # 37 at 3).  Plaintiff attaches email correspondence from Plaintiff to Dodd referencing Plaintiff's attempts to contact Dodd by "mail, email, and by phone to complete the CMR." (Doc. # 37-1 at 31).

As stated above, Local Rule 3.05 requires all unrepresented parties to participate in the Case Management Conference.  Thus, if Thomas Dodd intends to continue defending this action, he is directed to participate in the Case Management Conference.  Pursuant to Federal Rule of Civil Procedure 16(f), failure to do so may result in the imposition of sanctions, including the striking of Dodd's answer from the record, after which Dodd would be poised for the entry of default against him.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)  Defendants are directed to serve a copy of their answer and affirmative defenses (Doc. # 25) upon Plaintiff on or before **March 15, 2013**, in accordance with Rule 5(b), Fed. R. Civ. P.

5

(2)     The parties, including all unrepresented parties, are directed to confer on or before **March 22, 2013**, for the purpose of preparing and filing a joint Case Management Report as prescribed by Local Rule 3.05, and shall file their joint Case Management Report within **14 days** after the meeting.  For the convenience of the parties, the Court will allow the parties to conduct the conference **telephonically**.

DONE and **ORDERED** in Chambers in Tampa, Florida, this 8th day of March, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies:

All Counsel and Parties of Record