```
           UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
                  TAMPA DIVISION
```

BRIAN DODD,

    Plaintiff,
v.                              Case No. 8:12-cv-2054-T-33TGW

KELLY MATTHEWS, ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to pro se Plaintiff Brian Dodd's Motion titled "Joint Stipulated Consent to ADR / Mediation with Request to Stay," filed April 25, 2013. (Doc. # 49). Defendant Mary Anne Dodd, also proceeding in this action pro se, joined Plaintiff in the Motion. (Id.). Defendants Kelly Matthews, Alex Layne, Webdiva Technologies, LLC, Christopher Oroza, Andrew Penczner, and Human Element Productions, LLC responded in opposition to the Motion on April 29, 2013. (Doc. # 50). Pro se Defendant Thomas Dodd has failed to file a response to the Motion.

Also before the Court is Plaintiff's Motion for Sanctions against Defendant Thomas Dodd, filed May 13, 2013. (Doc. # 54). Defendant Thomas Dodd has not responded

to the Motion. For the reasons stated below, the Court denies both Motions.

I. **"Joint Stipulated Consent to ADR / Mediation with Request to Stay"**

In their Motion, Plaintiff and Defendant Mary Anne Dodd state that they "consent to ADR / mediation" and "consent to a temporary stay . . . pending completion of the parties['] ADR/ mediation." (Doc. # 49 at 1, 2). To the extent that Plaintiff and Defendant Mary Anne Dodd intend this Motion to serve as a request that the Court refer the case to mediation, the Motion is denied as moot. The Court has already referred this action to mediation (Doc. # 47 at 2), and after twice directing the parties to file a notice regarding the selection of a mediator and the scheduling of mediation, the Court *sua sponte* appointed Peter Grilli, Esq., as mediator in this action (Doc. # 57).

Plaintiff and Defendant Mary Anne Dodd also request that the Court stay this case pending the completion of mediation. The Court declines to grant a stay. This action has been pending for more than nine months. While the Court encourages the parties to mediate in good faith and to fully and faithfully explore every settlement opportunity, the Court is unwilling to impede the progress of this

matter simply because it is possible that mediation may result in settlement. The Court "must take an active role in managing cases on [its] docket." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). As stated in Chudasama, this Court enjoys broad discretion "in deciding how best to manage the cases before [it]" and, under the circumstances of this case, the Court determines that it is appropriate to deny the Motion.

## II. Motion for Sanctions

Plaintiff moves the Court to impose sanctions on Defendant Thomas Dodd "for frivolous filing of pleadings[,] in repetition [and] without leave, . . . in violation of" the Court's April 11, 2013, Order, and for "failure to file disclosures but conduct[ing] discovery in violation of" the Case Management and Scheduling Order. (Doc. # 54 at 1).

The Court acknowledges that Defendant Thomas Dodd did, indeed, file a document on May 8, 2013, after the Court instructed him on April 11, 2013, to "seek leave of Court to amend before filing any additional amendments to his Answer." (Doc. # 45). However, in light of Defendant Thomas Dodd's pro se status, the Court construed the document (Doc. # 53) as a supplement to his Second Amended Answer (Doc. # 41).

3

"Courts have the inherent authority to control the proceedings before them, which includes the authority to impose reasonable and appropriate sanctions." Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002) (quotation omitted). "In order to exercise its inherent power to award sanctions, the court must find that a party acted in bad faith." Meidinger v. Healthcare Indus. Oligopoly, 391 F. App'x 777, 780 (11th Cir. 2010). While the Court certainly expects Defendant Thomas Dodd to comply with the Court's instructions, the Court has no reason to believe that Defendant Thomas Dodd filed the document in bad faith. Even if the document was intended as a Third Amended Answer such that leave of Court was therefore required, the Court finds that sanctions are not warranted for pro se Defendant Thomas Dodd's filing of a single document without leave.

Furthermore, Plaintiff also moves the Court to impose sanctions against Defendant Thomas Dodd for his alleged failure to participate in discovery. However, as Plaintiff has not yet filed a motion to compel discovery, imposing sanctions for discovery violations would be premature. As such, the Motion for Sanctions is denied.

Additionally, to the extent that Plaintiff may intend his Motion for Sanctions to also serve as a motion to compel discovery, such Motion would then include more than one request for relief. However, Plaintiff is advised that each request for relief should be filed as a separate motion, each containing a concise statement of the precise relief requested, in accordance with the Local Rules of this Court. Thus, if Plaintiff intends to move the Court to compel discovery, he should do so in a separate motion and in compliance with all Federal and Local Rules, including Local Rule 3.04(a) in particular, governing motions to compel.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Brian Dodd's Motion titled "Joint Stipulated Consent to ADR / Mediation with Request to Stay" (Doc. # 49) and his Motion for Sanctions (Doc. # 54) are **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of June, 2013.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Parties and Counsel of Record