```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION

BRIAN DODD,

        Plaintiff,
v.                                    Case No. 8:12-cv-2054-T-33TGW

KELLY MATTHEWS, ET AL.,

        Defendants.
_____/
```

### ORDER APPOINTING MEDIATOR

Now before the Court is Defendants Kelly Matthews, Alex Layne, Webdiva Technologies, L.L.C., Christopher Oroza, Andrew Penczner and Human Elements Productions, L.L.C.'s (together, "the represented Defendants") Motion to Compel Mediation on Friday, July 12, 2013 (Doc. # 60), filed on June 27, 2013. Plaintiff Brian Dodd, proceeding in this action pro se, has not yet filed a response to the Motion. The Court grants the represented Defendants' Motion to Compel Mediation to the extent that mediation is scheduled before Peter Grilli, Esq. on July 12, 2103.

### Discussion

On June 17, 2013, after providing the parties with multiple attempts to select their own mediator (Doc. ## 47, 55), the Court entered an Order appointing, *sua sponte*, Peter Grilli, Esq. as mediator in this action. The Court further stated, "Defendants' counsel is directed to file a

Notice of Mediation on or before June 24, 2013, indicating the date, time, and location of the scheduled mediation conference. Failure to do so could result in the Court scheduling the mediation *sua sponte*." (Doc. # 57 at 2). The represented Defendants failed to file notice before the deadline. Instead, on June 27, 2013 – three days after notice was due to the Court – the represented Defendants moved the Court to compel mediation on July 12, 2013. (Doc. # 60).

    The Court "must take an active role in managing cases on [its] docket." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). As stated in Chudasama, this Court enjoys broad discretion "in deciding how best to manage the cases before [it]." Id. This action has been pending for nearly ten months and, as detailed above, scheduling a mediation conference has been a lengthy and difficult process. Considering Mr. Grilli's long-standing reputation for effectiveness, the scarcity of appointments with mediators of his caliber, and the negative impact that postponing mediation could have on this case, the Court finds that scheduling mediation for the next available date is appropriate. The Court contacted Mr. Grilli's office and was advised that July 12, 2013, is the first available

appointment. As such, the Court sets the mediation conference in this case for July 12, 2013.

However, the Court is cognizant of the represented Defendants' statement that Plaintiff Brian Dodd claims he is unable to attend mediation in-person on July 12, 2013, due to a disability. (Doc. # 60 at 2). While the Court certainly attempts to accommodate the schedules of parties with disabilities, Plaintiff Brian Dodd has provided the Court with no specific information regarding his disability or the restrictions that might accompany it. If Plaintiff Brian Dodd is unable to attend mediation in-person on July 12, 2013, he is directed to notify the Court, in writing and before 5:00 p.m. on July 8, 2013, of the specific circumstances preventing his in-person attendance. Upon receipt of such notice, the Court will consider allowing Plaintiff Brian Dodd to appear telephonically at the mediation conference on July 12, 2103. However, if no such notification is received, the July 12, 2013, mediation conference will take place in-person.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Kelly Matthews, Alex Layne, Webdiva Technologies, L.L.C., Christopher Oroza, Andrew Penczner

and Human Elements Productions, L.L.C.'s Motion to Compel Mediation on Friday, July 12, 2013 (Doc. # 60) is granted to the extent that mediation is set for July 12, 2013. If Plaintiff Brian Dodd is unable to attend mediation in-person on July 12, 2013, he is directed to notify the Court, in writing and before 5:00 p.m. on July 8, 2013, of the specific circumstances preventing his in-person attendance. Upon receipt of such notice, the Court will consider allowing Plaintiff Brian Dodd to appear telephonically at the mediation conference on July 12, 2103. However, if no such notification is received, the July 12, 2013, mediation conference will take place in-person.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of June, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel and Parties of Record
          Mediator Peter Grilli, Esq.
          3001 W. Azeele Street
          Tampa, Florida 33609

4