UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN DODD,

       Plaintiff,
v.                              Case No. 8:12-cv-2054-T-33TGW

KELLY MATTHEWS, ET AL.,

       Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to the untitled document filed by Defendant Thomas Dodd on June 28, 2013. (Doc. # 62). Buried in Defendant Dodd's filing is a request that the Court allow Defendant Dodd to participate in mediation telephonically. For the reasons below, to the extent that the filed document is a motion requesting leave to participate in mediation telephonically, the motion is denied.

**Discussion**

As a threshold matter, Defendant Dodd is advised that each request for relief should be filed as a separate motion, each containing a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, in accordance with the Local Rules of this Court.

See Local Rule 3.01 (a), M.D. Fla. Furthermore, before filing a motion – unless it is specifically exempted by the Local Rules – a moving party must confer with the opposing party in a good faith effort to resolve the issues raised by the motion. See Local Rule 3.01(g), M.D. Fla. Pro se parties are subject to the same laws and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Regarding Defendant Dodd's request that the Court allow him to participate in mediation telephonically, the Court has articulated its in-person requirement for mediation in several of its Orders in this case: "[A]ll counsel, parties, corporate representatives, and any other required claims professionals shall be present at the mediation conference with full authority to negotiate a settlement. The Court does not allow mediation by telephone or video conference. Personal attendance is required. See Local Rule 9.05(c)." (Doc. ## 47 at 11, 55 at 2, 57 at 3).

Defendant Dodd states that traveling to Florida would be a "difficult physical and financial hardship." (Doc. # 62 at 6). Although the Court will consider requests to participate in mediation via telephone if a party shows that he or she is unable to participate in person due to a demonstrable physical disability – and although the Court has agreed to consider such a request if it is filed in this action (see Doc. # 61) – the fact that Defendant Dodd is in a different location than the mediation conference is an insufficient reason to allow telephonic appearance at the mediation conference.

Parties have been required to attend mediation conferences in person under harsher circumstances. See Pecoraro v. State Farm Fire and Cas. Co., No. 1:07-cv-777-LTS-RHW, 2008 WL 3842912, *1 (S.D. Miss. Aug. 13, 2008) ("This Court has denied other requests based on hardship, including one in which the Plaintiff lived in Bartlesville, Oklahoma, had limited financial means to travel to Mississippi for the mediation, was disabled to the point of being legally blind, did not have a driver's license, and her means of travel were limited."). Further, at least one

court has imposed sanctions for a party's failure to procure the personal attendance of a person with full settlement authority at a mediation conference. See <u>Falcon Farms v. R.D.P. Floral, Inc.</u>, No. 07-23077-civ-Ungaro/Simonton, 2008 U.S. Dist. LEXIS 62119, at *6 (S.D. Fla. Aug. 14, 2008).

Court annexed mediation is a valuable tool for the parties to utilize in settling their disputes. While the Court understands the importance of keeping litigation costs down, a meaningful settlement discussion would be the best way to minimize costs. This Court requires personal attendance at mediation conferences because this Court strongly believes that mediation conferences are most effective when attended personally, rather than telephonically.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Thomas Dodd's request to participate in mediation telephonically (Doc. # 62) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of July, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel and Parties of Record