UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN DODD,

        Plaintiff,
v.                              Case No. 8:12-cv-2054-T-33TGW

KELLY MATTHEWS, ET AL.,

        Defendants.
_____/

**ORDER**

The Court has under consideration Plaintiff Brian Dodd's Notification Pursuant to Doc # 61 (Doc. # 67), filed July 5, 2013. In Plaintiff Dodd's Notification, he requests that he be allowed to participate in the mediation conference scheduled for July 12, 2013, by telephone due to his disabilities. Upon due consideration and for the reasons that follow, the Court denies Plaintiff Dodd's request.

**Discussion**

On June 27, 2013, the represented Defendants moved the Court to compel mediation on July 12, 2013. (Doc. # 60). The Court scheduled a mediation conference for July 12, 2013. In the same Order, the Court also recognized that Plaintiff Dodd has claimed that he is unable to attend mediation in-person due to a disability. (Doc. # 60 at 2). The Court stated:

>       While the Court certainly attempts to accommodate the schedules of parties with disabilities, Plaintiff Brian Dodd has provided the Court with no specific information regarding his disability or the restrictions that might accompany it. If Plaintiff Brian Dodd is unable to attend mediation in-person on July 12, 2013, he is directed to notify the Court, in writing and before 5:00 p.m. on July 8, 2013, of the specific circumstances preventing his in-person attendance.

On July 5, 2013, Plaintiff Dodd submitted a Notification claiming that "Plaintiff risks not being able to attend mediation, because of his disabilities, if Plaintiff cannot attend mediation telephonically." (Doc. # 67 at 3). Plaintiff Dodd also mentions several instances where his disability was recognized and that various courts and other institutions accommodated him due to his disability. (Id. at ¶¶ 8-11).

The Court is always eager and willing to accommodate individuals with disabilities. However, while Plaintiff Dodd has alluded to a disability that prevents him from attending mediation in person, he has failed to provide the Court with any information about what his disability is or how the specific disability makes an in-person appearance unfeasible. Although the Court provided Plaintiff Dodd an opportunity to explain why his disability prevented his in-

2

person participation at the mediation conference, Plaintiff Dodd failed to carry his burden.

Plaintiff Dodd has provided the Court with a document from the University of South Florida. That document suggests that while Plaintiff Dodd might require additional time or special seating, nevertheless he was able to attend classes in person. (Id. at ¶ 11). While the Court does not dispute Plaintiff Dodd's claim that he was awarded disability benefits, the Court notes that individuals who are disabled may still be able to attend meetings in person. (Doc. # 8). If Plaintiff Dodd requires special accommodations to make his in-person attendance of the July 12, 2013, mediation conference more comfortable, he should have long ago provided that information to the Court. Based on the very limited information Plaintiff Dodd has provided the Court regarding his disability, the Court is not able to excuse him from in-person attendance at the July 12, 2013, mediation conference.

The Court notes that several parties in this action have requested that they be allowed to participate in the mediation conference telephonically. (Doc. ## 62, 64). However, mediation is a valuable tool for the parties to utilize in settling their disputes, and this Court requires

personal attendance at mediation conferences because it strongly believes that mediation conferences are most effective when attended personally, rather than telephonically. As such, the Court has denied each of those requests. (Doc. # 63, 65). The Court stands ready, willing, and able to accommodate individuals with disabilities. However, despite being given the opportunity to do so, Plaintiff Dodd has failed to submit any information to the Court supporting his notion that he is precluded from participating in mediation in person. Accordingly, the Court denies Plaintiff Dodd's request and requires him to appear at the July 12, 2013, mediation conference in person.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Brian Dodd's request to participate in the July 12, 2013, mediation conference by telephone (Doc. # 67) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of July, 2013.

                      VIRGINIA M. HERNANDEZ COVINGTON
                      UNITED STATES DISTRICT JUDGE

```
Copies:    All Counsel and Parties of Record
           Mediator Peter Grilli, Esq.
           3001 W. Azeele Street
           Tampa, Florida 33609
```