UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN DODD,

    Plaintiff,
v.                                     Case No. 8:12-cv-2054-T-33TGW

KELLY MATTHEWS, ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. Because the claims remaining in this action depend on determinations of state law, the Court in its discretion declines to exercise supplemental jurisdiction over Plaintiff Brian Dodd's remaining claims. Accordingly, this case is dismissed without prejudice.

**I. Background**

On September 11, 2012, Plaintiff filed suit against Kelly Matthews, alleging copyright infringement as to Plaintiff Dodd's allegedly copyright protected works related to his time spent at Straight, Inc. (Doc. # 1), a facility Plaintiff later refers to as a "boot camp" (Doc. # 6 at ¶ 95).

On September 25, 2013, Plaintiff filed an Amended Complaint, adding Alex Layne, Webdiva Technologies, LLC, Christopher Oroza, Andrew Penczner, and Human Element

Productions as Defendants involved in Plaintiff's claims of copyright infringement. (Id. at ¶ 1). The Amended Complaint also added Thomas Dodd and Mary Anne Ford as Defendants in this case. (Id. at ¶ 2). However, Plaintiff does not allege copyright infringement against Defendant Dodd and Defendant Ford. Instead, Plaintiff states that he is "suing for equitable relief and for damages" arising from Defendant Dodd and Defendant Ford's alleged "human rights abuses, including unlawful detention and parental kidnapping, and the common tort law of the state of Florida." (Id.). The claims against Defendant Dodd and Defendant Ford again stem from Plaintiff Dodd's alleged imprisonment at Straight, Inc. (Id. at ¶¶ 94-114).

The Amended Complaint contains seven numbered sections labeled as "causes of action" that the Court interprets as seven separate counts. (Id.). Only the section titled "Seventh Cause of Action[,] Defendants Thomas Dodd and Mary Anne Ford[,] Tort for Negligent Infliction of Distress / Parasitic Damages" includes allegations against Defendant Dodd and Defendant Ford. (Id. at 13). In the interest of clarity, the Court will refer to that section and the claims contained therein as "Count VII."

On July 12, 2013, the parties participated in a mediation conference.[1] (Doc. # 75). As a result of mediation, Plaintiff reached a settlement agreement with Defendants Kelly Matthews, Alex Layne, Webdiva Technologies, LLC, Christopher Oroza, Andrew Penczner, and Human Element Productions. (Id.). Pursuant to the parties' Joint Stipulation of Dismissal (Doc. # 76), the Court dismissed the case as to the aforementioned Defendants on July 16, 2013 (Doc. # 77). Accordingly, only Count VII against Defendant Dodd and Defendant Ford remains before the Court.

## II. Legal Standard

The Court *sua sponte* may raise a jurisdictional defect at any time. Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992). "[I]n any civil action of which the district courts have original jurisdiction," district courts also have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

---

[1] Defendant Mary Anne Ford failed to attend the Court ordered mediation conference.

[2] To the extent that Plaintiff also intends to state a claim against Defendants Dodd and Ford under the Parental Kidnapping Protection Act of 1980 (Doc. # 6 at ¶ 113), that statute is intended to give full faith and credit to other states' custody determinations. See 28 U.S.C. § 1738A. Accordingly, it is not applicable as a cause of action

3

controversy . . . ." 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction over such a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

"The dismissal of a plaintiff's underlying federal question claim does not deprive the court of supplemental jurisdiction over the remaining state law claims." Fisher v. SP One, Ltd., No. 8:11-cv-1889, 2013 WL 268684 (M.D. Fla. Jan. 24, 2013) (internal quotation omitted). Instead, pursuant to 28 U.S.C. § 1367(c), a court "has the discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims, where the court has dismissed all claims over which it had original jurisdiction, but the court is not required to dismiss the case." Id. (citing Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997)).

Although a district court may choose not to dismiss such a case, "state courts, not federal courts, should be the final arbiters of state law." Ingram v. School Bd. of Miami-Dade Cnty., 167 F. App'x 107, 108 (11th Cir. 2006); see also Hicks v. Moore, 422 F.3d 1246, 1255 n. 8 (11th Cir. 2005) (citing United Mine Workers of Am. v. Gibbs, 383


U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.")); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). Nevertheless, "[w]here § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." Baggett, 117 F.3d at 1353.

**III. Analysis**

Although the Amended Complaint is somewhat unclear, it appears that Plaintiff intends Count VII to state claims of intentional infliction of emotional distress against both Defendant Dodd and Defendant Ford.[2] Intentional infliction of emotional distress is a state law claim and the claims

---

[2] To the extent that Plaintiff also intends to state a claim against Defendants Dodd and Ford under the Parental Kidnapping Protection Act of 1980 (Doc. # 6 at ¶ 113), that statute is intended to give full faith and credit to other states' custody determinations. See 28 U.S.C. § 1738A. Accordingly, it is not applicable as a cause of action under the facts of this case.

against Defendant Dodd and Defendant Ford were before this Court supplemental to Plaintiff's federal copyright claims. Because the Court has now dismissed the copyright claims over which it had original jurisdiction, there remains no original federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state law claims contained in Count VII. See Baggett, 117 F.3d at 1352. Additionally, as the Amended Complaint alleges that Plaintiff and Defendant Ford are both residents of Florida, the Court also lacks diversity jurisdiction pursuant to 28 U.S.C § 1332(a) over the remaining claims. See Holston Invs., Inc. B.V.I. v. LanLogistics Corp., 677 F.3d 1068, 1070 (11th Cir. 2012) ("To meet the jurisdictional requirements of § 1332(a), the citizenship of *each* plaintiff must be different from that of *each* defendant.") (emphasis added).

Resolution of Plaintiff's remaining claims for intentional infliction of emotional distress depends on determinations of state law. Because "state courts, not federal courts, should be the final arbiters of state law," Ingram, 167 F. App'x at 108, and because the Court finds that principles of judicial economy and comity weigh in favor of the Court declining to exercise supplemental

jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants Dodd and Ford. Accordingly, the Court dismisses Count VII without prejudice. Plaintiff is advised that although this Court declines to exercise supplemental jurisdiction over purely state law claims, this Court's decision does not preclude Plaintiff from attempting to state a claim for intentional infliction of emotional distress in state court.

**ORDERED, ADJUDGED,** and **DECREED:**

Pursuant to 28 U.S.C § 1367, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims for intentional infliction of emotional distress. Count VII is hereby **DISMISSED** without prejudice. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>31st</u> day of July, 2013.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel and Parties of Record